IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mack Allen Davis, ) | Case No. 8:25-cv-02550-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Ofc. Long, Ofc. Clark, Ofc. Huffman, ) | |
| Barfleid, Mental Health Jenifer, Steve ) | |
| Garmen, Ofc. Gray, Reyes, Cianciolo, ) | |
| Lt. Shompt, Beth Lawson, Jennifer, ) | |
| Rowell, Lewis, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Amended Complaint and additional attachments, a Report and Recommendation ("Report") of the Magistrate Judge, and Plaintiff's motions to appoint counsel, for continuance, for copies at no expense, for extension, and to amend/correct Amended Complaint.  [Docs. 17; 26; 34; 38; 40; 41; 42; 44; 46; 47.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On June 20, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that this action be dismissed without service of process and without leave to amend.  [Doc. 34.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id.* at 23.]  On July 10, October 23, and November 3, 2025, the Clerk docketed objections to the Report from Plaintiff.  [Docs. 36; 43; 48.]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Magistrate Judge explains several reasons why Plaintiff fails to adequately plead a claim against any of the Defendants.  [Doc. 34 at 8–22.]  In his objections, Plaintiff does not engage the Magistrate Judge's analysis.  [Docs. 36; 43; 48.]  Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, this action is DISMISSED without service of process, without leave to amend, and without prejudice.  Plaintiff's motions to appoint counsel [Docs. 38; 40; 46] and motion to amend/correct Amended Complaint [Doc. 44] are DENIED, and

Plaintiff's motions for copies at no expense, for extension, and for continuance [Docs. 42; 47] are FOUND AS MOOT.[*]

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

November 12, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*] The Court denies Plaintiff's motions to appoint counsel for the same reasons that the Magistrate Judge has denied Plaintiff's previous motions to appoint counsel [Docs. 14; 23; 30; *see* Docs. 12; 22; 29], and to the extent Plaintiff has objected to the Magistrate Judge's denial of those motions, that objection is overruled as Plaintiff has not shown exceptional circumstances to warrant the appointment of counsel in light of the factors addressed by the court in *Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024). Nothing in Plaintiff's three most recent motions to appoint counsel provides a basis for the Court to reach a different conclusion. Plaintiff's motion to amend/correct Amended Complaint is denied because Plaintiff has failed to submit any proposed amended complaint that is complete within itself. *See Tucker v. Price*, No. 4:22-cv-1861-MGL-MHC, 2023 WL 10449206, at *1 (D.S.C. Jan. 24, 2023).